**FILED**

**February 14, 2024**

KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA

v.

NO. 5:23-CR-087-H(03)

YORDANIS SANCHEZ TAMAYO (3)

## PLEA AGREEMENT

Yordanis Sanchez Tamayo, the defendant, Christopher Solis, the defendant's

attorney, and the United States of America (the government) agree as follows:

1.      **Rights of the defendant**: The defendant understands that the defendant

has the rights:

      a.      to plead not guilty;

      b.      to have a trial by jury;

      c.      to have the defendant's guilt proven beyond a reasonable doubt;

      d.      to confront and cross-examine witnesses and to call witnesses in the
            defendant's defense; and

      e.      against compelled self-incrimination.

2.      **Waiver of rights and plea of guilty**: The defendant waives these rights

and pleads guilty to the offense alleged in Count Nine of the Superseding Indictment,

charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Commit Bank Theft. The

defendant understands the nature and elements of the crime to which the defendant is

pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

    a.    imprisonment for a period not to exceed five years;

    b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.    costs of incarceration and supervision; and

    g.    forfeiture of property.

4. **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration

consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5. **Court's sentencing discretion and role of the guidelines:** The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6. **Defendant's agreement:** The defendant shall not knowingly provide false information to the U.S. Probation Office (USPO), the Court, or the government relating to the offense(s) of conviction and all relevant conduct, or any information the defendant must provide related to this agreement.

7.     **Mandatory special assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case.

8.     **Financial Obligations**: The defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately. In the event the Court imposes a schedule for payment, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant further agrees as follows:

> a. The defendant shall submit an accurate and complete personal financial statement under oath on demand by the USPO, the Court, or the government, which statement shall include all requested support documents and may be shared between and among the government and the USPO as needed for collection of any financial obligations.
>
> b. The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.
>
> c. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the

defendant's ability to satisfy any financial obligation imposed by the
Court.

d. The defendant consents to enrollment upon sentencing in the Treasury
Offset Program, at the sole discretion of the government, which would
allow for funds otherwise payable to the defendant from any federal
agency, including the Internal Revenue Service and the Social Security
Administration, to be applied to the defendant's outstanding financial
obligations imposed by the Court.

9. **Restitution**: The defendant agrees that the Court is authorized to order, and
the defendant agrees to pay, restitution for all loss resulting from the offense(s) of
conviction and all relevant conduct, in an amount to be determined by the Court.
Defendant agrees that, for purposes of this Plea Agreement, restitution for relevant
conduct shall include all acts and omissions described in USSG § 1B1.3(a)(1)(A) and
(1)(B), as well as all acts and omissions that were part of the same course of conduct or
common scheme or plan, regardless whether the grouping rules in USSG § 3D1.2 might
apply to computation of the advisory imprisonment range. The defendant understands
that should the Court order that restitution be paid jointly and severally with others who
are required to pay restitution for the same loss to victims that credit may not be received
for all payments made by any other person with joint and several liability. The defendant
agrees that any restitution ordered to be paid jointly and severally remains the
responsibility of the defendant until the defendant has paid the defendant's ordered
amount of restitution in full or the respective victim has been paid in full.

10.   **Government's agreement**:  The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty.  The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment.  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

11.   **Violation of agreement**:  The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge.  In such event, the defendant waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

12.   **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

13.   **Waiver of right to appeal or otherwise challenge sentence**:  The

defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

14.     **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

15.     **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises,

representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 14th day of February, 2024.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

CALLIE WOOLAM
Assistant United States Attorney
Texas State Bar No. 24075306
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:     806-472-7564
Facsimile:     806-472-7394
E-mail:     callie.woolam@usdoj.gov

J. JEFFREY R. HAAG
West Texas Branch Chief

Yordanis Sanchez Tamayo
Plea Agreement—Page 8

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____       _____
YORDANIS SANCHEZ TAMAYO      Date
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____       2/13/24
CHRISTOPHER SOLIS       Date
Attorney for Defendant